UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRENT DANTONE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:19-cv-02781 AGF |
| CREDENCE RESOURCE MANAGEMENT, LLC., | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's motion to strike Defendant's affirmative defenses. In his Complaint, Plaintiff claims that Defendant, a debt collection agency, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, during a phone conversation on May 10, 2019. Specifically, Plaintiff alleges that Defendant misled him about the nature of his debt and his right to attorney representation, while also failing to cease collection communications with Plaintiff after he informed the Defendant he was represented by counsel. Plaintiff is seeking actual and statutory damages, as well as costs and attorney's fees.

In its answer, Defendant raised numerous affirmative defenses, including that: (1) the Complaint fails to state a claim upon which relief can be granted; (2) the violation of the FDCPA was not intentional and resulted from a bona fide error; (3) Plaintiff failed to mitigate his damages; (4) the harm suffered by Plaintiff was legally and proximately caused by other persons that Defendant is not liable for; (5) Plaintiff's claims are covered by a

1

binding arbitration agreement; and (6) Plaintiff's claims are barred by the statute of limitations, waiver, estoppel, unclean hands and/or laches. ECF No. 10 4-5.

Plaintiff has moved to strike every affirmative defense raised by Defendant. For the reasons set forth below, the motion shall be granted in part and denied in part.

## Legal Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f). Although the court enjoys "liberal discretion" in determining whether to strike a party's pleadings, such an action is "an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Accordingly, courts infrequently grant motions to strike "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Atl. Recording Corp. v. Raleigh*, No. 4:06-CV-1708 CEJ, 2009 WL 1543458, at *2 (E.D. Mo. June 2, 2009) (internal citations omitted).

## Discussion

Plaintiff's motion to strike makes several arguments. First, Plaintiff argues that Defendant's first affirmative defense should be stricken because "failure to state a claim" is not an affirmative defense, but rather an assertion that Plaintiff's prima facie case is defective. ECF No. 12 at 2. Defendant argues that the affirmative defense gives notice of its position that Plaintiff's complaint is defective and that its inclusion in the answer causes no prejudice to Plaintiff. ECF No. 19 at 6-7.

2

Because Rule 12(h)(2)(A) expressly allows for failure to state a claim to be raised in an answer, "the [C]ourt perceives no prejudicial effect of burdensome discovery or litigating unnecessary issues by allowing failure to state a claim to remain in [Defendant's] answer." *CitiMortgage, Inc. v. Just Mortgage, Inc.*, No. 4:09–cv–1909-DDN, 2013 WL 6538680, *8 (E.D. Mo. Dec. 13, 2013). The Court will thus deny Plaintiff's request to strike Defendant's first affirmative defense.

Plaintiff then argues that several of Defendant's affirmative defenses are not sufficiently pleaded. Specifically, Plaintiff argues that Defendant's second affirmative defense raising bona fide error should have been pleaded with particularity under Rule 9(b) because it constitutes an allegation of mistake. ECF No. 12 at 3. Plaintiff also argues that Defendant failed to sufficiently plead the following defenses: Plaintiff failed to mitigate damages; Plaintiff's harm was caused by persons outside Defendant's control; Plaintiff's claims are the subject of arbitration; and Plaintiff's claims are barred by waiver, estoppel, and unclean hands. Defendant argues that district courts—including this Court—have rejected that a heightened pleading standard applies to an FDCPA bona fide error defense and that the defense is "a fact-intensive inquiry inappropriate for resolution at the pleading stage." ECF No. 19 at 7-8. Defendant further asserts that it sufficiently pleaded the rest of its affirmative defenses by stating its defenses in short and plain terms and that Plaintiff has not shown that he will be prejudiced by inclusion of any of the defenses. *Id.* at 8-9.

The Court has previously determined that an argument against a bona fide error defense in a FDCPA case is more properly raised on the merits later in the proceedings. *Young v. LVNV Funding, LLC*, No. 4:12:-cv-01180-AGF, 2013 WL 275603, at *1 (E.D.

Mo. Jan. 24, 2013) (denying a motion to strike a similar bona fide error defense in a FDCPA case, but reserving plaintiff's right to raise arguments on the merits of the defense). As such, the Court will deny Plaintiff's motion to strike Defendant's bona fide error defense and direct him—if he so chooses—to raise his arguments on the merits later in the proceedings. As for the other defenses that Plaintiff argues are not sufficiently pleaded, the Court again finds that such defenses should not be stricken. Courts in this District have rejected a plausibility standard with respect to affirmative defenses; instead, it is enough if the party states the defense in short and plain terms. *See Herbst v. Ressler & Assocs., Inc.*, No. 4:13-CV-2327 CAS, 2014 WL 4205294, at *8 (E.D. Mo. Aug. 22, 2014) ("Under Rule 8, the pleader of an affirmative defense need only 'state' the defense, but need not 'show' anything in order to survive a motion to strike." (citation omitted)). The Court finds that Defendant has stated its defenses in short and plain terms and that Plaintiff will not experience significant prejudice with the inclusion of these defenses. As such, the Court will deny Plaintiff's motion to strike these defenses for failing to meet the pleading standard.

Plaintiff also argues that Defendant should not be allowed to raise the affirmative defenses of waiver or unclean hands. Plaintiff asserts that neither affirmative defense is applicable to the case because consumers cannot waive the protections of the FDCPA and the defense of unclean hands cannot be invoked in an FDCPA case wherein the Plaintiff is seeking only monetary damages. ECF No. 12 at 6-8. The Defendant does not directly respond to these arguments.

As discussed above, motions to strike are "an extreme and disfavored measure" that should only be granted upon the showing of "significant prejudice to one or more of the parties." *BJC Health Sys.*, 478 F.3d at 917. Plaintiff has not shown that the inclusion of these defenses will cause him significant prejudice that would warrant such an extreme, disfavored response. Therefore, the Court will deny Plaintiff's motion to strike these defenses.

Finally, Plaintiff also moves to strike Defendant's affirmative defenses asserting statute of limitations and laches. ECF No. 12 at 5, 7. In Defendant's opposition to Plaintiff's motion, it consented to a partial withdraw of these affirmative defenses. ECF No. 19 at 8 n.3. As such, the Court will grant Plaintiff's motion to strike these defenses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike Defendant's affirmative defenses (ECF No. 12) is **GRANTED in part and DENIED in part**. Plaintiff's motion is granted with respect to Defendant's statute of limitations and laches defenses. The motion is denied as to all other affirmative defenses raised in Defendant's answer.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2020.